IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROGER DALE GODWIN,

                                                                                             ORDER

                Plaintiff,

                                                                             10-cv-573-bbc

      v.

NANCEY TIDQUIST, TAMMY MAASSEN,
DR. ADLER, RANDALL HEPP, JODI DOUGHERTY,
HOLLY A. GUNDERSON, RICK RAEMISCH,
LIBRARIAN FLIEGER,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Roger Dale Godwin, a prisoner at the Jackson Correctional Institution, has filed a proposed complaint and a request for leave to proceed in forma pauperis. I conclude that plaintiff cannot proceed at this time because his complaint violates Fed. R. Civ. P. 20 and because plaintiff has struck out under 28 U.S.C. § 1915(g). Given these problems, I will give plaintiff a chance to explain how he wishes to proceed with his claims.

      I draw the following facts from plaintiff's complaint.

1

ALLEGATIONS OF FACT

A. Skin Condition

Plaintiff Roger Dale Godwin has a serious skin condition that causes him pain, dry skin, "burning all over [his] body" and gives him rashes. When he goes outside or gets in or out if the shower, "it feels like someone has put a million buckets of fire ants on [him]" and he breaks out in a rash. Plaintiff was transferred from the Waupun Correctional Institution to the Jackson Correctional Institution in April 2010. Upon his arrival, defendant Dr. Adler "started to take away" his medications that help him with his dry skin and burning. (It is unclear precisely what plaintiff means by this but he states that the Health Services Unit has failed to refill medications or lotions he had been receiving.) Adler continues to pursue a course of treatment for plaintiff's conditions that does not work.

Plaintiff was seen by defendant nurse practitioner Nancey Tidquist, but she did not examine his skin problems and took away medications that had been ordered by another nurse. Now plaintiff suffers from these skin problems and is getting only eight hours of sleep a week. Plaintiff has complained to defendants Health Services Unit supervisor Tammy Maasen and Warden Randall Hepp, but they did not respond. Plaintiff filed an inmate complaint that was dismissed "with bias" by defendants Holly Gunderson and Jodi Dougherty. Plaintiff appealed all the way to defendant Secretary Rick Raemisch, who dismissed his appeal.

B. <u>Access to Courts</u>

The Jackson Correctional Institution's library does not contain various civil and criminal legal forms that plaintiff needs. Plaintiff has complained about this to defendant Flieger, the prison librarian, but he says that the prison cannot get these forms unless the forms are approved by the Department of Corrections. Plaintiff filed an inmate complaint that was dismissed. He appealed all the way to defendant Raemisch, who dismissed his appeal.

DISCUSSION

There are two problem with plaintiff's claims. The first is that his claim about his skin condition is unrelated to his claim about the lack of legal forms in the prison library. Under Fed. R. Civ. P. 20, a plaintiff is prohibited from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. In other words, the rule prohibits a plaintiff from joining many defendants in a single action unless (1) the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and (2) the plaintiff presents questions of law or fact common to all. <u>George v. Smith</u>, 507 F.3d at 607. Because plaintiff's claims arise under completely different sets of transactions and involve different sets of defendants, the two claims cannot be pursued in the same lawsuit.

3

The second problem is that plaintiff has struck out under 28 U.S.C. § 1915(g). That provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, this court has denied plaintiff leave to proceed in forma pauperis in lawsuits that were legally frivolous, malicious or failed to state a claim upon which relief may be granted. Godwin v. Sutton, 05-C-493-C, decided September 12, 2005; Godwin v. Bridgewater, 05-C-593-C, decided November 7, 2005; and Godwin v. Frank, 06-C-489-C, decided September 22, 2006. In a November 2, 2010 opinion in Turley v. Gaetz, 09-3847, 2010 WL 4286368, the Court of Appeals for the Seventh Circuit held that a "a strike is incurred under § 1915(g) when an inmate's case is dismissed *in its entirety* based on the grounds listed in § 1915(g)," rather than when only one claim out of several is dismissed under § 1915(g). Each of the cases listed above was dismissed in its entirety, so plaintiff has incurred three strikes. Therefore, he cannot proceed in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and must

4

show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. In his complaint, plaintiff is alleging that he suffers from a serious skin condition that causes him pain and "burning all over his body," and that defendants are failing to treat the condition.

In considering whether plaintiff's complaint meets the imminent danger requirement of § 1915(g), a court must follow the well established proposition that pro se complaints must be liberally construed. Ciarpaglini, 352 F.3d at 330. Further, it is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g). Id. at 331. Given this framework, I conclude that plaintiff's allegations concerning his skin condition qualify under the imminent danger standard.

However, plaintiff's claim that defendants are failing to provide him with various legal forms does not meet the imminent danger standard. Because these allegations do not involve imminent danger, plaintiff cannot proceed on this claim in forma pauperis. This means that the court cannot consider this claim unless plaintiff prepays the full $350 filing fee for a civil case.

5

Given these problems with plaintiff's complaint, he will have to choose how to proceed. Because his medical care claim and his access to the courts claim cannot be combined into one lawsuit, plaintiff has three options:

1) He can choose to proceed with his medical care claim in the current lawsuit and voluntarily dismiss his access to the courts claim (which would be dismissed without prejudice to him bringing the claim again at a later date). Because plaintiff's medical care claim qualifies under the imminent danger requirement of § 1915(g), he would not have to prepay the full $350 filing fee for the case before I would screen his claim.

2) He can choose to proceed with his access to the courts claim and voluntarily dismiss his medical care claim (which would be dismissed without prejudice to his bringing the claim again at a later date). Because plaintiff's access to the courts claim does not qualify under the imminent danger requirement of § 1915(g), he would have to prepay the entire $350 filing fee for the case before his claim could be screened.

3) He can choose to proceed with both claims, but they would have to be split into two separate lawsuits. Plaintiff would ultimately be responsible for the filing fees for both cases; he would qualify for in forma pauperis status in the case containing his medical care claim but would have to prepay the full $350 filing fee to proceed in the case containing his access to the courts claim.

Plaintiff will have until December 14, 2010 to choose one of these options. Should

6

he fail to respond by the deadline, I will assume that he wishes to proceed on his imminent danger claim and I will dismiss his other claim without prejudice.

ORDER

IT IS ORDERED that plaintiff Roger Dale Godwin may have until December 14, 2010 to advise the court how he wishes to proceed with the claims in this lawsuit. Should plaintiff fail to respond to this order by December 14, 2010, I will assume that he wishes to proceed on his imminent danger claim and I will dismiss his other claim.

Entered this 30th day of November, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7