IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER DALE GODWIN,

                      Plaintiff,                      ORDER

     v.
                                                   10-cv-573-bbc

NANCEY TIDQUIST, TAMMY MAASSEN,
DR. ADLER, RANDALL HEPP, JODI
DOUGHERTY, HOLLY A. GUNDERSON
and RICK RAEMISCH,

                      Defendants.

---

      Plaintiff Roger Dale Godwin, a prisoner at the Jackson Correctional Institution, is proceeding on Eighth Amendment claims against defendants for failing to provide him with adequate treatment for his serious skin condition. In a January 11, 2011 order, Judge Barbara Crabb construed plaintiff's complaint as including a motion for preliminary injunctive relief and set a briefing schedule on that motion. In their response, defendants argue that the motion should be denied because plaintiff has failed to exhaust his administrative remedies regarding his claims. If this is true, it would also mean that the entire case would have to be dismissed. I conclude that it would be appropriate to have plaintiff respond to this argument. Accordingly, I will give plaintiff until May 5, 2011 to submit to the court a brief explaining whether he has exhausted his administrative remedies regarding his claims that defendants have not treated his skin condition. He should also submit any documents that support his brief.

      In addition, plaintiff has filed a motion to waive the $2.68 initial partial payment of the $350 filing fee that was assessed in the court's January 11, 2011 order. Plaintiff states that he does not have $2.68 in his trust fund account and that he no longer receives deposits to his account because disabilities keep him from working. 28 U.S.C. § 1915(b)(4) states "In no event

shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." However, without further financial information from plaintiff, I cannot tell whether he truly has no assets or no means by which to pay an initial partial payment. Therefore I will give plaintiff until May 5, 2011 to submit trust fund account information for the time period from September 24, 2010 (the last date for which the court has plaintiff's financial information) to the present.

## ORDER

It is ORDERED that:

(1) A ruling on plaintiff's motion for preliminary injunctive relief, dkt. 1, is STAYED pending plaintiff's submission of a brief and supporting materials regarding exhaustion of administrative remedies. Plaintiff may have until May 5, 2011 to file these materials.

(2) Plaintiff may have until May 5, 2011 to submit trust fund account information for the time period from September 24, 2010 to the present.

Entered this 21st day of April, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge